UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------x
GEORGE ALBERTO and CLIFTON BURCHETT, individually and on behalf of all those similarly situated,

INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME AND WAGES UNDER THE FLSA

Plaintiffs,

-against-

**COMPLAINT**
**JURY TRIAL DEMANDED**

CITY OF NEWARK, NEW JERSEY,

Defendant.
-------------------------------------------------------------------x

## INDIVIDUAL AND COLLECTIVE ACTION CIVIL COMPLAINT

George Alberto and Clifton Burchett ("Named Plaintiffs"), individually and on behalf of all those similarly situated, hereby complaint as follows against Defendant.

## NATURE OF ACTION

1. Plaintiffs are current and former employees of the City of Newark, New Jersey who worked as Municipal Court Bailiffs for Defendant.

2. Named Plaintiffs initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"). Named Plaintiffs assert that Defendant failed to pay Named Plaintiffs and those similarly situated proper overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

3. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

1

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because the claims herein arise under laws of the United States.

6. Venue in the District of New Jersey, Newark Division, is proper because the incident, which is the subject of this lawsuit, occurred in the State of New Jersey and Defendant, is administratively located and resides or employed within the District of New Jersey. See 28 U.S.C. § 1391(b)(1) and § 1391(c).

**PARTIES**

7. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

8. Named Plaintiff George Alberto is an adult who was an employee of the City of Newark, New Jersey.

9. Named Plaintiff George Alberto worked as a Municipal Court Bailiff for Defendant from on or about March 2016 to March 2020.

10. Named Plaintiff Clifton Burchett is an adult who was an employee of the City of Newark, New Jersey.

11. Named Plaintiff Clifton Burchett worked as a Municipal Court Bailiff for Defendant from on or about April 2015 to March 2020.

12. At all times relevant Named Plaintiffs and all similarly situated members were employed by Defendant City of Newark, New Jersey ("Newark").

13. Newark is and was at all times a municipal entity created and authorized under the laws of the State of New Jersey.

14. Defendant resides at 920 Broad Street, Newark, New Jersey 07102.

15. That at all times herein relevant, Defendant Newark was the employer of Named Plaintiffs and all similarly situated collective members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. In addition to each Named Plaintiff bringing this action in an individual capacity, the Named Plaintiffs collectively bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), acting on behalf of all bailiffs and others in similar non-exempt positions presently and formerly employed by Defendant and who were subject to Defendant's unlawful pay practices and policies, and who worked for Defendant at any point in the three years period preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

17. Upon information and belief, the Collective Plaintiffs consist of more than ten or more similarly situated individuals who have not been paid overtime and who would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join this lawsuit.

18. Named Plaintiffs and Collective Plaintiffs work and/or worked for Defendant Newark within the last three-year period prior to the commencement of this action.

19. Named Plaintiff and Collective Plaintiffs are similarly situated, have and/or had substantially similar job duties, have and/or substantially similar pay provisions, and are and/or were all subject to Defendant's unlawful policies and practices as discussed infra.

20. Upon information and belief, there are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

21. Upon information and belief, Defendant failed to pay overtime to employees other than those in the Collective, and Named Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

22. Upon information and belief, there are numerous similarly situated current and former employees of Defendant who were not lawfully paid by Defendant, its agent(s) and/or administrative departments for working overtime and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the instant lawsuit.

23. Consistent with Defendant's policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid overtime compensation for all hours worked beyond 40 per workweek.

24. All of the work that Plaintiffs and the FLSA Collective performed has been assigned by Defendant and Defendant was aware of all the work that Plaintiffs and the FLSA Collective performed.

25. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, for overtime wages for hours that they worked in excess of 40 hours per workweek.

26. Defendant is aware and should have been aware that federal law required it to pay employees for overtime wages for all hours worked in excess of 40 hours per workweek.

27. Upon information and belief, similarly situated employees and/or former employees are known to Defendant, are readily identifiable by Defendant, and can be located, readily identified, and located through a search of Defendant's records.

28. By reason of the foregoing, it is respectfully submitted and requested that Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of each and all of them and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

29. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

30. Named Plaintiffs were employed by Defendant as Class 2 Police Officers.

31. Upon information and belief, in or about 2015, Defendant created the Municipal Bailiff position.

32. Upon information and belief, only Class 2 Police Officers could work as Municipal Bailiffs.

33. Municipal Bailiffs' duties included protecting the judge during court, directing people within the court, maintaining order in the court, and helping court administrators with paperwork.

34. Upon information and belief, Class 2 Police Officers completed an application for the Municipal Bailiff position which had to be approved by the Mayor for a Bailiff to be hired.

35. Named Plaintiffs were hired as Municipal Bailiffs by Defendant between in or about April 2015 and in or about March 2016.

36. Named Plaintiffs worked five (5) days a week.

37. Named Plaintiff's daily schedule was 8:30am to 4:30pm.

38. Named Plaintiffs also worked the night court shift from 4:30pm to 8:30pm.

39. Named Plaintiffs sometimes worked a weekend shift from 10:00am to 3:00pm.

40. Named Plaintiffs worked a minimum of forty (40) hours a week and upwards of sixty-five (65) hours a week.

41. Upon information and belief, every two weeks Named Plaintiffs submitted time records listing all hours worked to their supervisor.

42. Upon information and belief, Named Plaintiffs' supervisor would approve the time record and then forward the time records to Defendant's payroll department.

43. Defendant paid Named Plaintiffs and other similarly situated individuals twenty-five ($25.00) per hour for every hour worked despite working more than forty (40) hours per week.

44. Defendant committed the wage and hour violations asserted herein throughout Named Plaintiffs' employment by Defendant, and upon information and belief, continue to commit such violations.

45. Named Plaintiffs and Collective Plaintiffs, (herein collectively "Plaintiffs") are current and/or former employees of Defendant City of Newark within the last three years period

prior to the commencement of this action have been and/or are presently employed by Defendant as Court Bailiffs and/or in similarly situated positions.

46. Upon information and belief, Defendant maintained an unlawful wage payment system for at least the three-year period prior to the commencement of this action, and has enforced such unlawful policies throughout its facility in the State of New Jersey.

47. The aforementioned conduct has damaged the Plaintiffs.

48. Defendant has a pattern and practice of committing overtime violations.

## COUNT I
### Fair Labor Standards Action ("FLSA") (Failure to pay Overtime Compensation)
### (Named Plaintiffs and Collective Plaintiffs v. Defendant)

49. The Named Plaintiffs hereby repeat, reiterate and reallege each and all of the allegations in the preceding paragraphs with the same force and effect as if fully set forth herein.

50. At all times relevant herein, Defendant was and continues to be an employer within the meaning of the FLSA.

51. At all times relevant herein, Defendant was responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

52. At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were employed by Defendant as "employees" within the meaning of the FLSA.

53. Under the FLSA, an employer must pay an employee an least one-and one-half times his or her base rate for each hour worked in excess of forty (40) hours per workweek.

54. Defendant's violations of the FLSA include, but are not limited to not paying Named Plaintiffs and Collective Plaintiffs any overtime pay for hours worked in excess of forty (40) hours per workweek.

55. Defendant's conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly is willful and not based upon and reasonable interpretation of the law.

56. As a result of Defendant's unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs prays that this Court enter an Order providing that:

a. Defendant be prohibited from continuing to maintain its illegal policy, practice or customs in violation of federal and state wage and hour laws;

b. Defendant is to compensate, reimburse, and make Named Plaintiffs and Collective Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings. Named Plaintiffs and Collective Plaintiffs should be accorded those benefits illegally withheld.

c. Named Plaintiffs and Collective Plaintiffs, are to be awarded liquidated and/or punitive damages pursuant to as applicable law under the laws they are suing under in an amount equal to the actual damages in this case;

d. Named Plaintiffs and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

Dated: October 19, 2021
New York, N.Y.

Respectfully submitted,

SLATER SLATER SCHULMAN LLP

*John C. Luke, Jr.*
John C. Luke, Jr., Esq.

8

488 Madison Avenue, 20th Floor
New York, New York 10022
(212) 922 – 0906
*Attorneys for Plaintiffs*

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Collective Plaintiffs' employment, to Named Plaintiffs' and Collective Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all on-line social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.